FILED

JUN 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENISE STEFFENS, | No. 11-55379 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01494-LAB-WVG |
| v. | |
| REGUS GROUP, PLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 5, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Denise Steffens ("Steffens") appeals the district court's grant of summary

judgment to her former employer, Regus Group, PLC ("Regus"), on her claim for

wrongful termination in violation of California public policy. We reverse and

remand for trial.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review a grant of summary judgment de novo. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1096 (9th Cir. 2010). In California, an employer may be subject to tort liability for wrongful termination if the termination violates a fundamental public policy. *Gould v. Md. Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1147 (1995). Claims for wrongful termination "typically arise when an employer retaliates against an employee for refusing to violate a statute, performing a statutory obligation, exercising a statutory right, or reporting an alleged violation of a statute of public importance." *Id.* An employee is not required to report the violation to a government or law enforcement agency; internal reporting is sufficient. *Id.* at 1150.

To establish a prima facie case of retaliation, the plaintiff must demonstrate that she engaged in a protected activity, her employer subjected her to an adverse employment action, and there was a causal link between the protected activity and the employer's action. *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000). Once an employee establishes a prima facie case, the employer has the burden to provide a legitimate non-retaliatory reason for the adverse employment action. *Id.* at 68. If the employer produces a legitimate reason for the adverse employment action, the plaintiff must demonstrate that the employer's alleged reason is a pretext for the discriminatory motive. *Id.*

2

There is no dispute that Steffens established a prima facie case of retaliation. The only dispute is whether Steffens can demonstrate that Regus's proferred justification for terminating Steffens's employment—poor performance—was pretextual. Steffens alleges that the real reason Regus terminated her employment was because she complained to her supervisors about the company's policy of denying meal and rest breaks to hourly employees in violation of California law. We conclude that Steffens presented sufficient evidence to raise a triable issue of fact regarding whether Regus's proffered justification for terminating Steffens was pretextual.

Prior to her termination, Steffens worked for Regus or its predecessor for more than ten years. She managed a commercial center in San Diego, California. During her tenure with the company, she consistently received positive performance evaluations. In fact, in July 2006, just three months before the critical incident in this litigation, Steffens received an "Exceeds Expectations" or "Meets Expectations" rating in every category on her performance appraisal. She also received a merits-based bonus at that time.

In October 2006, she met for the first time with Sande Golgart, the company's new Regional Vice President. After touring the center, Steffens, Golgart, and Steffens's immediate supervisor, Shannon Jones, met to discuss the

center's performance and potential opportunities for growth. During that meeting, Steffens alleges that she complained to Golgart about the company's policy to deny meal and rest breaks to its hourly employees. Immediately thereafter, Steffens says Golgart fell silent. No one spoke for two or three minutes. Jones's deposition testimony corroborates this event. ("[W]hen [Steffens] brought up the topic . . . [Golgart] became very quiet, sitting and not speaking to a point where it became very uncomfortable."). Golgart then stood up, and, with hardly another word, left the meeting. Jones testified that Golgart then said "Steffens was a problem," and that Jones should "start putting a plan together to have [Steffens] removed" and "begin looking for a replacement." Golgart's reaction to Steffens's allegations of unlawful conduct—silence and an abrupt exit—and Jones's testimony constitute evidence of pretext.

Jones also testified that, in his opinion, one of the reasons Steffens was put on a performance improvement plan was "for her bringing up matters in regards to her teams' - - her hourly teams' breaks and being able to properly staff the center." When asked for the basis of his opinion, Jones said that "[Steffens] was more upfront about [the meal and rest breaks] issues than anyone else in the area, and more open and more confrontational about those topics." Jones's deposition

4

testimony suggests that Golgart decided to fire Steffens *because of* her allegations and is additional evidence of pretext.

Finally, Jones testified that he and Golgart worked together to put Steffens on an "aggressive" plan with "the purpose of . . . get[ting] rid of Denise Steffens." Jones testified that these discussions started in 2006, and that during the action plan process, there was never an intent to keep Steffens employed with Regus.

Based on this evidence, we conclude that Steffens presented sufficient evidence of pretext to create a genuine issue of material fact as to the real reason for her termination. We therefore reverse the district court's grant of summary judgment on the wrongful termination claim and remand for trial.

**REVERSED and REMANDED.**